MARTHA S. DOTY (SBN 143287)
LISA GARCIA (SBN 301362)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone: 213-576-1000
E-mail: martha.doty@alston.com
         lisa.garcia@alston.com

Attorneys for Plaintiff
**HUG ENGINEERING, INC.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUG ENGINEERING, INC., a Texas corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MR. MUFFLER, INC., a California corporation, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.: **5:18-cv-01937**<br><br>**COMPLAINT FOR:**<br><br>**(1)　BREACH OF CONTRACT; and**<br>**(2)　ACCOUNT STATED** |

COMPLAINT

LEGAL02/38068709v1

Plaintiff HUG ENGINEERING, INC. ("HUG") hereby alleges against DEFENDANT MR. MUFFLER, INC. ("Mr. Muffler") based on personal knowledge and otherwise information and belief, as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and HUG is incorporated in and is a citizen of a different state than Mr. Muffler.

2. Venue in this District is proper under 28 U.S.C. § 1391(b) because the obligation giving rise to HUG's claims was incurred in and agreed to be performed in this District and because Mr. Muffler is located in this District. All of HUG's claims against Mr. Muffler are properly venued before this Court.

**PARTIES**

3. HUG is, and at all times mentioned herein was, a corporation organized and existing under the laws of the state of Texas with its principal place of business in Buford, Georgia. HUG was qualified to do and engaged in business in California.

4. HUG is informed and believes and thereon alleges that Mr. Muffler is, and at all times mentioned herein was, a corporation organized and existing under the laws of the state of California with its principal place of business in Riverside County, California.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10 are presently unknown to HUG who therefore sues said defendants by such fictitious names. HUG is informed and believes, and on that basis alleges, that DOES 1 through 10 are in some manner responsible for the damages suffered by HUG as alleged herein. HUG will amend this Complaint to identify the true names and capacities of the fictitiously named defendants when the same have been ascertained.

## **FACTUAL ALLEGATIONS**

6. HUG's core business activities include the development, production, engineering, and sale of exhaust gas purification systems. HUG sold exhaust gas purification and emission products to Mr. Muffler from about February 2017 through February 2018 in the total amount of $261,954.25. Each time Mr. Muffler ordered products from HUG during this time period, HUG shipped the products to Mr. Muffler with an invoice identifying the goods, quantity and prices. Mr. Muffler accepted all goods listed in the attached invoices and never objected to or returned the goods.

7. HUG sent Mr. Muffler invoices and statements of the account for fees and costs of these goods in the total amount set forth above. Attached hereto as **Exhibit A** are true and correct copies of the invoices that HUG sent to Mr. Muffler from February 2017 through February 2018. The payment terms of the invoices required payment in approximately 30 days. Mr. Muffler failed to pay for the products within the time periods required by the invoices.

8. On or about March 22, 2018, HUG made a demand upon Mr. Muffler for payment of the past due amounts by sending a statement of the account for the full payment of the then-outstanding balance of $261,954.25. Attached hereto as **Exhibit B** is a true and correct copy of the statement of account sent to Mr. Muffler on March 22, 2018. Mr. Muffler did not object, but did not thereafter pay HUG any amount.

9. To date, Mr. Muffler has failed to pay all or any portion of the amount due to HUG.

## **FIRST CAUSE OF ACTION**
### **(Breach of Contract)**

10. HUG incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 9 above.

11. HUG is, and at all times mentioned herein was a merchant as defined in section 2-104 of the Uniform Commercial Code.

12. HUG is informed and believes and thereon alleges that Mr. Muffler is, and at all times mentioned herein was a merchant as defined in section 2-104 of the Uniform Commercial Code.

13. HUG and Mr. Muffler entered into a contract in which HUG agreed to sell and Mr. Muffler agreed to pay the total sum of $261,954.25 for the products listed in the invoices attached as **Exhibit A** (the "Agreement").

14. HUG has performed all conditions, covenants and promises on its part to be performed in accordance with the terms and conditions of the Agreement, except those conditions, covenants and promises the performance of which is excused by reason of Mr. Muffler's breach of the Agreement as alleged herein.

15. Mr. Muffler has breached the Agreement as more fully alleged herein, by failing to pay HUG the amount due and owed to HUG under the Agreement, $261,954.25.

16. As a direct and proximate result of Mr. Muffler's breach of the Agreement, HUG has suffered significant damage in an amount subject to proof but which amount is presently believed to be $261,954.25 together with prejudgment interest thereon.

## SECOND CAUSE OF ACTION
### (Account Stated)

17. HUG incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 16 above.

18. Within the past four years, and prior to the commencement of this action, HUG has provided goods to Mr. Muffler at the special instance and request of Mr. Muffler. Thereafter an account was stated between HUG and Mr. Muffler for the goods and it was found due to HUG by Mr. Muffler the sum of $261,954.25, which is reasonable value. This transaction established the relationship between the two parties with Mr. Muffler, as debtor, and HUG, as creditor.

19. HUG submitted an accounting in writing of the amount owed to it by Mr. Muffler. Mr. Muffler agreed that the amount stated in the account was the correct amount it owed to HUG. Mr. Muffler promised to pay HUG the sum of $261,954.25.

20. Despite demand for payment by HUG, there is now due, owing and unpaid to HUG $261,954.25 together with prejudgment interest thereon from the balance due date.

## PRAYERS FOR RELIEF

WHEREFORE, by virtue of Mr. Muffler's unlawful conduct as alleged herein, HUG respectfully prays for judgment as follows:

1. For damages according to proof;
2. For costs of suit herein;
3. For pre-judgment and post-judgment interest at the maximum legal rate as provided by law;
4. For attorney's fees as provided by law; and
5. For such other and further relief as the Court deems just and proper.

DATED: September 11, 2018

MARTHA S. DOTY
LISA GARCIA
**ALSTON & BIRD LLP**

 /s/  Lisa Garcia
_____
Lisa Garcia
Attorneys for Plaintiff
**HUG ENGINEERING, INC.**